IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF TEXAS
FORT WORTH DIVISION

| | |
|---|---|
| ANDRE SEAY,  §  <br>      PETITIONER, §  <br> §  <br> v. §  <br> §  <br> DOUGLAS DRETKE, DIRECTOR, §  <br> TEXAS DEPARTMENT OF CRIMINAL §  <br> JUSTICE, CORRECTIONAL INSTITUTIONS §  <br> DIVISION, §  <br>      RESPONDENT. § | CIVIL ACTION NO. 4:05-CV-0337-Y |

**FINDINGS, CONCLUSIONS, AND RECOMMENDATION
OF THE UNITED STATES MAGISTRATE JUDGE
AND NOTICE AND ORDER**

This cause of action was referred to the United States Magistrate Judge pursuant to the provisions of 28 U.S.C. § 636(b), as implemented by an order of the United States District Court for the Northern District of Texas. The findings, conclusions, and recommendation of the United States Magistrate Judge are as follows:

### I. FINDINGS AND CONCLUSIONS

#### A. NATURE OF THE CASE

This is a petition for writ of habeas corpus by a state prisoner under 28 U.S.C. § 2254.

#### B. PARTIES

Petitioner Andre Seay, TDCJ-ID # 622962, is in custody of the Texas Department of Criminal Justice, Correctional Institutions Division, in Huntsville, Texas.

Respondent Douglas Dretke is the Director of the Texas Department of Criminal Justice, Correctional Institutions Division (TDCJ).

1

## C. FACTUAL AND PROCEDURAL HISTORY

On July 20, 1992, Seay was convicted of robbery by threats, a second-degree felony, in the 372nd District Court of Tarrant County, Texas, and received a fourteen-year sentence. (State Habeas R. at 15.) Seay was released on parole in July 2000. (*Id.* at 13-14.) On September 21, 2002, a warrant issued for his arrest due to violation of his parole, and, on April 30, 2003, after a hearing, his parole was revoked. (*Id.* at 2-9.) Seay was denied time credits for time spent on parole–i.e., street time, and his prior earned good time credits were forfeited. (Affidavit of Paul Wilder.) Seay pursued time credit dispute resolution, however, TDCJ determined that there was no error in his time credit calculations. (*Id.*) TEX. GOV'T CODE ANN. § 501.0081 (Vernon 2004). Seay also pursued state habeas relief regarding his time credit claims, to no avail. *Ex parte Seay*, Application No. WR-61,749-01, at cover. Seay filed this federal petition for writ of habeas corpus on May 26, 2005.[1, 2]

## D. ISSUES

Seay raises two grounds for relief, in which he claims TDCJ violated his due process rights by denying him time credit for thirteen months of street time, thereby extending and enlarging his sentence, and three months in a halfway house. (Petition at 7.)

## E. RULE 5 STATEMENT

Dretke believes that Seay has sufficiently exhausted his state remedies on the claims presented as required by 28 U.S.C. § 2254(b) and (c) and, thus, does not move for dismissal on this

---

[1]Typically, a pro se habeas petition is filed when the petition is delivered to prison authorities for mailing. *Spotville v. Cain*, 149 F.3d 374, 377 (5th Cir. 1998). Seay does not indicate in the petition the date he placed the document in the prison mailing system, however the envelope in which he mailed the petition reflects a postmark of May 26, 2005.

[2]Seay raises the issue of limitations in his reply, however, Dretke has not raised a limitations defense. As such, a determination of whether Seay's petition is timely is not reached.

ground.

## F. Discussion

### 1. Legal Standard for Granting Habeas Corpus Relief

Under 28 U.S.C. § 2254(d), a writ of habeas corpus on behalf of a person in custody pursuant to the judgment of a state court shall not be granted with respect to any claim that was adjudicated on the merits in state court proceedings unless he shows that the prior adjudication: (1) resulted in a decision that was contrary to, or involved an unreasonable application of, clearly established federal law, or (2) resulted in a decision that was based on an unreasonable determination of the facts in light of the evidence presented in the state court. 28 U.S.C. § 2254(d). A decision is contrary to clearly established federal law if the state court arrives at a conclusion opposite to that reached by the Supreme Court of the United States on a question of law or if the state court decides a case differently than the Supreme Court has on a set of materially indistinguishable facts. *Williams v. Taylor*, 529 U.S. 362, 405-06 (2000); *see also Hill v. Johnson*, 210 F.3d 481, 485 (5th Cir. 2000). A state court decision will be an unreasonable application of clearly established federal law if it correctly identifies the applicable rule but applies it unreasonably to the facts of the case. *Williams*, 529 U.S. at 407-08.

Further, federal courts give great deference to a state court's factual findings. *Hill*, 210 F.3d at 485. Section 2254(e)(1) provides that a determination of a factual issue made by a state court shall be presumed to be correct. 28 U.S.C. § 2254(e)(1). Factual determinations by a state court are presumed correct absent clear and convincing evidence to the contrary, and a decision adjudicated on the merits in a state court and based on a factual determination will not be overturned on factual grounds unless objectively unreasonable in light of the evidence presented in the state court

proceeding. *See* 28 U.S.C. § 2254(d)(2), (e); *Miller-El v. Cockrell*, 537 U.S. 322, 340 (2003); *Williams*, 529 U.S. at 399. This presumption of correctness applies to both explicit findings of fact and those findings of fact implicit in the state court's mixed law and fact conclusions. *Valdez v. Cockrell*, 274 F.3d 941, 948 n.11 (5th Cir. 2001). The applicant has the burden of rebutting the presumption of correctness by clear and convincing evidence. 28 U.S.C. § 2254(e)(1). Typically, when the Texas Court of Criminal Appeals denies relief in a state habeas corpus application without written opinion, as here, it is an adjudication on the merits, which is entitled to this presumption. *Neal v. Puckett*, 286 F.3d 230, 235 (5th Cir. 2002), *cert. denied*, 537 U.S. 1104 (2003); *Ex parte Torres*, 943 S.W.2d 469, 472 (Tex. Crim. App. 1997).

### 2. Seay's Time Credit Claims

Seay contends he was denied time credit for street time served from July 2000 until August 2001 in violation of his due process rights. Before September 2001, Texas law allowed TDCJ to disregard the street time a prisoner accumulated while on release. *See* former TEX. CODE CRIM. PROC. ANN. art. 42.18, § 14(a) (Vernon 1991) & TEX. GOV'T CODE ANN. § 508.283(c) (Vernon 1998). Thus, prisoners had no constitutionally protected liberty interest in retention of street time upon revocation of release status. *See Thompson v. Cockrell*, 263 F.3d 423, 426 (5th Cir. 2001). The Fifth Circuit has suggested, however, the possibility that amendments to the relevant state statute have created a protected liberty interest in retention of street time by some prisoners whose release was revoked after September 1, 2001. *See* TEX. GOV'T CODE ANN. § 508.283(c) (Vernon 2004); *Whitley v. Dretke*, 111 Fed. Appx. 222, 223 (5th Cir. 2004) (not designated for publication in the Federal Reporter); *Ex parte Spann*, 132 S.W.3d 390 (Tex. Crim. App. 2004).

House Bill 1649, codified at Texas Government Code § 508.283(c), grants certain offenders

4

who have their parole or mandatory supervision revoked on or after September 1, 2001, credit for the portion of time they spent on parole or mandatory supervision.  Section 508.283 provides, in relevant part:

> (c) If the parole, mandatory supervision or conditional pardon of a person other than a person described by Section 508.149(a) is revoked, the person may be required to serve the remaining portion of the sentence on which the person was released.  For a person who on the date of issuance of a warrant or summons initiating the revocation process is subject to a sentence the remaining portion of which is greater than the amount of time from the date of the person's release to the date of issuance of the warrant or summons, the remaining portion is to be served without credit for the time from the date of the person's release to the date of revocation.  For a person who on the date of issuance of the warrant of summons is subject to a sentence the remaining portion of which is less than the amount of time from the date of the persons release to the date of issuance of the warrant or summons, the remaining portion is to be served without credit for an amount of time equal to the remaining portion of the sentence on the date of issuance of the warrant or citation.

TEX. GOV'T CODE ANN § 508.283(c).  Basically, § 508.283(c) says that certain parole violators will receive street time credit if the remaining portion of their sentence is less than the amount of time they spent out on parole.  *See Ex parte Spann*, 132 S.W.3d at 392-96.

In this case, TDCJ denied Seay street time credit under HB 1649 because he did "not meet the mid-point calculations," which is interpreted by the undersigned to mean that the remaining portion of Seay's sentence exceeded the amount of time he spent on parole.  (Affidavit of Paul Wilder.)  Seay has failed to dispute this fact; thus, the fact is presumed correct.  Therefore, although § 508.283 apparently applies to Seay's situation, he does not qualify for relief under the statutory provision and has no state or corresponding federal constitutional right to street time credit.  Under these circumstances, Seay was not deprived of due process when his street time credit was forfeited upon revocation of his parole.

Furthermore, contrary to Seay's contention, forfeiture of his street time credit does not

unlawfully lengthen or prolong his sentence beyond the original term imposed by the trial court, even though his maximum sentence discharge date may have been extended due to the forfeiture. *See Sanchez v. Cockrell*, No. 4:00-CV-1803-Y, 2001 WL 1297677, at *3 (N.D. Tex. Oct. 11, 2001); *Reynolds v. Johnson*, No. 4:00-CV-391-Y, 2001 WL 180165, at *3 (N.D. Tex. Feb. 20, 2001), *adopted*, 2001 WL 215945 (N.D. Tex. Mar. 2, 2001).  Under state law, time credits have no effect on the length of sentence imposed.  Consequently, an inmate's punishment is not increased by the forfeiture of time credits.  Seay was informed upon his release to parole that in the event of revocation, time spent on parole would be forfeited.  (Parole Records at 13.)  A prisoner serving the remaining portion of his sentence after revocation does not violate the Constitution.  *See Morrison v. Johnson*, 106 F.3d 127, 129 n.1 (5th Cir. 1997).

Finally, Seay's claim that he was denied time served in a halfway house from July 2002 until October 2002 appears to have no basis in fact.  He provides no proof of his assertion, and the record reflects that he was credited for time served during the whole of 2002.  (Affidavit of Paul Wilder.)

Seay has failed to prove that he has been denied any constitutionally protected right.  Absent a claim that Seay has been deprived of some right secured to him by the United States Constitution or laws, habeas relief is not available.  *Thomas v. Torres,* 717 F.2d 248, 249 (5th Cir. 1983).

## II. RECOMMENDATION

Based on the foregoing, it is recommended that Seay's petition for writ of habeas corpus be denied.

## III.  NOTICE OF RIGHT TO OBJECT TO PROPOSED
## FINDINGS, CONCLUSIONS AND RECOMMENDATION
## AND CONSEQUENCES OF FAILURE TO OBJECT

Under 28 U.S.C. § 636(b)(1), each party to this action has the right to serve and file specific written objections in the United States District Court to the United States Magistrate Judge's proposed findings, conclusions, and recommendation within ten (10) days after the party has been served with a copy of this document.  The court is extending the deadline within which to file specific written objections to the United States Magistrate Judge's proposed findings, conclusions, and recommendation until October 5, 2005.  The United States District Judge need only make a *de novo* determination of those portions of the United States Magistrate Judge's proposed findings, conclusions, and recommendation to which specific objection is timely made.  *See* 28 U.S.C. § 636(B)(1).  Failure to file by the date stated above a specific written objection to a proposed factual finding or legal conclusion will bar a party, except upon grounds of plain error or manifest injustice, from attacking on appeal any such proposed factual finding or legal conclusion accepted by the United States District Judge.  *See Douglass v. United Servs. Auto. Ass'n*, 79 F.3d 1415, 1428-29 (5th Cir. 1996) (en banc op. on reh'g); *Carter v. Collins*, 918 F.2d 1198, 1203 (5th Cir. 1990).

## IV.  ORDER

Under 28 U.S.C. § 636, it is ORDERED that each party is granted until October 5, 2005, to serve and file written objections to the United States Magistrate Judge's proposed findings, conclusions, and recommendation.  It is further ORDERED that if objections are filed and the opposing party chooses to file a response, a response shall be filed within seven (7) days of the filing date of the objections.

It is further ORDERED that the above-styled and numbered action, previously referred to the United States Magistrate Judge for findings, conclusions, and recommendation, be and hereby is returned to the docket of the United States District Judge.

SIGNED September 14, 2005.

    /s/ Charles Bleil
CHARLES BLEIL
UNITED STATES MAGISTRATE JUDGE