IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF TEXAS
FORT WORTH DIVISION

| | |
|---|---|
| ANDRE SEAY, § | |
| § | |
| VS. § | CIVIL ACTION NO.4:05-CV-337-Y |
| § | |
| DOUGLAS DRETKE, Director, § | |
| T.D.C.J., Correctional § | |
| Institutions Division, § | |
| Respondent. § | |

ORDER ADOPTING MAGISTRATE JUDGE'S FINDINGS AND CONCLUSIONS

In this action brought by petitioner Andre Seay under 28 U.S.C. § 2254, the Court has made an independent review of the following matters in the above-styled and numbered cause:

1. The pleadings and record;

2. The proposed findings, conclusions, and recommendation of the United States magistrate judge filed on September 14, 2005; and

3. The petitioner's written objections to the proposed findings, conclusions, and recommendation of the United States magistrate judge filed on September 30, 2005.

The Court, after de novo review, concludes that Seay's objections must be overruled,[1] and that the petition for writ of habeas corpus should be denied, for the reasons stated in the magistrate judge's findings and conclusions.

Therefore, the findings, conclusions, and recommendation of the magistrate judge are ADOPTED.

---

[1] Seay contends in his objections that the magistrate judge used the wrong sentence completion date in calculating whether he was entitled to street-time credit under the provisions of Texas Government Code § 508.283(c). Seay is incorrect. In adopting the calculations of the Respondent, the magistrate judge correctly determined that Seay was not entitled to credit for street time under § 508.283(c). See TEX. GOV. CODE § 508.283(c)(Vernon 2004); see generally Ex parte Spann, 132 S.W. 2d 390, 392-93 (Tex. Crim. App. 2004) (noting that § 508.283(c) is "worded in a confusing manner" and providing a simplified test to determine whether the inmate receives street-time credit).

Seay's Petition for Writ of Habeas Corpus is DENIED.

SIGNED October 5, 2005.

_____
TERRY R. MEANS
UNITED STATES DISTRICT JUDGE